UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-00179-001(ECT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **POSITION WITH** |
| | ) | **RESPECT TO** |
| v. | ) | **SENTENCING** |
| | ) | |
| Alexander Steven Heil, | ) | |
| | ) | |
| Defendant. | ) | |

**PLEASE TAKE NOTICE** that counsel for the above-entitled Defendant hereby files this position with respect to sentencing.

In the Presentence Report the above-entitled Defendant was assigned 1 point from paragraph 33 for a misdemeanor theft from 2015, one point from paragraph 35 for a misdemeanor possession of drug paraphernalia from 2015 as well as one point in paragraph 36 for a felony receiving stolen property. As is reflected in the presentence investigation, the Defendant was a juvenile when those occurred. Counsel respectfully requests the court to disregard those three points. It is the position of the defense that those three points over-exaggerate the Defendant's current criminal conduct. In the event the court adopts the defense position, the Defendant would have a criminal history score of I, yielding criminal history category I, offense level 17 with a guidelines range of 24-30 months.

The facts regarding the above-entitled offense are detailed in the presentence report. The defense believes it is critical for the court to note that Mr. Heil was <u>not</u> the person who started the fire. It is clear that Mr. Gonzalez poured gasoline in the Wells

Fargo Bank building, and initiated the fire. Indeed, the only action taken by Mr. Heil was the fairly innocuous act of throwing a traffic cone into the already existing fire. In paragraph 10 of the presentence investigation it states that Mr. Heil threw an object into the structure breaching the doorway, bending down and attempting to accelerate the fire. Mr. Heil has always contended that he was bending down to light a cigarette and he threw a beer can into the fire. That is not to say that he disputes the fact that he threw a traffic cone into the fire which was the factual basis for his plea of guilty.

Mr. Heil now finds himself in a very unfortunate and difficult position. He went to the Lake Street area to be part of the protest, drank too much and in a senseless, impulsive act while clearly under the influence of alcohol, threw a traffic cone into the existing fire. As a result of that impulsive act, he now finds himself before this Court facing a substantial prison sentence.

The plea negotiation between the parties restricts the defense from arguing anything other than the low end of the box of the guidelines range. The defense certainly urges the Court to impose a sentence at this low end. Given the offense conduct outlined in the presentence investigation which again, is simply throwing a traffic cone into an already existing fire, it is respectfully suggested that a sentence at the low end of the box is more than warranted.

Counsel for Mr. Heil would be remiss if he did not comment regarding the Court's authority and discretion regarding sentencing. Although the defense is restricted from arguing for a sentence outside the guidelines range, the court is at liberty, after consideration of the factors outlined in 18 U.S.C. §3553(A) "to impose a sentence

sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of the subsection." Said subsection indicates that the need for a sentence imposed should a) reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; b) to afford adequate deterrence to criminal conduct; c) to protect the public from further crimes of the defendant; and d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. After consideration of these factors, the court has the authority and discretion to impose a sentence outside the guidelines range. If the court determines that a sentence outside and below the guidelines range is sufficient but not greater than necessary to comply with purposes set forth in §3553(A), it certainly has the discretion to do so.

Therefore, although defense counsel is restricted from arguing for a sentence outside the guidelines range, and certainly by this position paper recommends a sentence at the low end of the box, it is also strongly urged that the Court take a very close look at this minor offense conduct, as well as the factors outlined in §3553(A) and exercise its discretion in imposing a sentence that is sufficient but not greater than necessary.

Dated:  January 8, 2021			Respectfully submitted,

*/s/Craig E. Cascarano*
Craig E. Cascarano - #15544
Attorney for Defendant
150 S. 5th Street, Suite 2860
Minneapolis, MN 55402
Tel:  (612) 333-6603
craig@craigcascaranolaw.com